IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00070-KDB

| ERIC LANCE, | |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff Eric Lance's Motion for Summary Judgment (Doc. No. 15) and Defendant's Motion for Summary Judgment (Doc. No. 18), as well as the parties' briefs and exhibits. Mr. Lance, through counsel, seeks judicial review of an unfavorable administrative decision on his application for Title II period of disability and disability insurance benefits.

Having carefully reviewed and considered the written arguments, administrative record, and applicable authority, the Court finds that the Commissioner's decision to deny Mr. Lance social security benefits is not supported by substantial evidence. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment; **DENY** Defendant's Motion for Summary Judgment; **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

1

## I. BACKGROUND

Mr. Lance filed an application for Disability Insurance Benefits on September 28, 2018, alleging an onset date of September 10, 2018. (Tr. 65-66).[1] His claim was denied initially on January 8, 2019, and upon reconsideration on June 5, 2019. (Tr. 14, 65, 79). Mr. Lance filed a timely written request for a hearing on June 22, 2019. (Tr. 14, 114). He appeared before Administrative Law Judge Randi E. Lappin (the "ALJ") along with his counsel and a vocational expert ("VE").

The ALJ returned an unfavorable decision on September 5, 2019, finding Mr. Lance not disabled. (Tr. 14-24). Mr. Lance requested a review of the ALJ's decision with the Appeals Council, which denied review on January 11, 2020. (Tr. 1-3). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Lance has requested judicial review in this Court pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ used the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. Lance was disabled during the relevant period.[2] "Disabled" means "the inability to do any substantial gainful activity by reason of any medically

---

[1] Citations to the administrative record filed by the Commissioner are designated as "Tr."

[2] The ALJ must determine the following under the five-step sequential evaluation: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite the claimant's limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

At step one, the ALJ found that Mr. Lance met the insured status requirements of the Social Security Act through September 30, 2021 and had not engaged in substantial gainful activity since his alleged onset date of September 10, 2018. (Tr. 16, Findings 1-2). At step two, the ALJ found that Mr. Lance had the following severe impairments: "chronic pain disorder; lumbar degenerative disc disease with stenosis status post L4 fusion; and degenerative joint disease of the right shoulder." (Tr. 16, Finding 3). The ALJ considered Mr. Lance's impairments and the listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526), and concluded at step three that Mr. Lance's impairments do not meet or medically equal any listing. (Tr. 18, Finding 4).

At step four, the ALJ found that Mr. Lance had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567(b) except:

> that he can stand and/or walk for a combined cumulative total of only 4 hours out of an 8-hour workday. He can sit without interruption for no more than about 30 minutes, followed by an opportunity to stand and stretch briefly (1 to 2 minutes), without leaving the work station and remaining on task; he can stand and/or walk without interruption for a combined uninterrupted total of no more than about 30 minutes, followed by an opportunity to sit for up to 5 minutes, while remaining on task. The claimant can frequently balance, occasionally stoop, crouch, kneel, crawl and climb ramps and stairs, and never climb ladders, ropes or scaffolds. The claimant can use his right (dominant) upper extremity to reach overhead occasionally, and in all other directions frequently (unlimited as to the left upper extremity). The claimant can tolerate no more than occasional exposure to extreme temperatures, high humidity, vibration, wetness, or respiratory irritants. The claimant can never operate a motor vehicle as an occupational requirement, nor work safely around extraordinary hazards, such as unprotected heights or dangerous machinery (having exposed moving parts or requiring alertness and/or agility in order to evade). He can tolerate occasional superficial interaction with the public, and he remains able to engage appropriately with supervisors and co-workers for superficial and task-oriented interactions.

(Tr. 19, Finding 5).

With these restrictions, the ALJ found that Mr. Lance was unable to perform any of his past work as Tractor Assembler, Warehouse Supervisor, Maintenance Helper, Cook Helper, Heavy Equipment Operator, Machine Cleaner, Construction Worker I, and Infantry Unit Leader. (Tr. 22-23, Finding 6). At step five, the ALJ found that considering Mr. Lance's age, education, work experience, and residual functional capacity, he could perform other jobs that exist in significant numbers in the national economy. (Tr. 23, Finding 10). Adopting the VE's testimony, the ALJ found that Mr. Lance could perform the requirements of representative occupations such as Routing Clerk (DOT # 222.687-022) and Price Marker (DOT # 209.587-034). (Tr. 24). Accordingly, the ALJ concluded that Mr. Lance had not been under a disability as defined in the Social Security Act, from September 10, 2018, through the date of the ALJ's decision. (Tr. 24, Finding 11).

### III. LEGAL STANDARD

District courts review the ALJ's Social Security disability determination pursuant to the standard set out in 42 U.S.C. § 405(g). The decision of the ALJ must be upheld if the ALJ "applied the correct legal standards" and if the "factual findings are supported by substantial evidence." *Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Though the "threshold for such evidentiary sufficiency is not high," it requires that "more than a mere scintilla" of evidence support the ALJ's findings. *Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). In undertaking this review, it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]."

*Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

## IV. DISCUSSION

On appeal to this Court, Mr. Lance makes two broad assignments of error with multiple arguments within each assignment. The two broad assignments of error as described by Mr. Lance are: (1) the ALJ erred by conducting an incomplete evidence evaluation, specifically by ignoring Mr. Lance's 100% disability rating by the Department of Veterans Affairs and failing to provide a logical bridge from the evidence she found persuasive to her RFC finding; and (2) the ALJ erred by relying on conflicting and unsupported vocational testimony at step five.

The Court finds it necessary to address only Mr. Lance's second assignment of error—that the ALJ erred by relying on conflicting and unsupported vocational testimony. Mr. Lance has limitations reaching overhead with his dominant right upper extremity, a limitation amply supported by the record. Accordingly, the ALJ found that Mr. Lance was able to use "his right (dominant) upper extremity to reach overhead occasionally, and in all other directions frequently (unlimited as to the left upper extremity)." (Tr. 19). During the ALJ's examination of the VE, the VE testified that an individual with Mr. Lance's age, education, work experience, and RFC would be able to perform the requirements of a Routing Clerk (DOT 222.687-022) and Price Marker (DOT 209.587-034). The ALJ engaged in the following exchange with regards to conflicts between the VE's testimony and the DOT:

> Q [by ALJ]: . . . [A]ny conflicts between your testimony and the Dictionary of Occupational Titles?
>
> A [by VE]: No conflicts your honor. Some areas not addressed in the DOT would be [to the] best of my knowledge, education, training and field experience.
>
> Q: Okay, and that would include your opinion with regard to the ability to perform light occupations with reduced standing and walking to four and even

5

two hours out of an eight-hour day as well as alternating positions, reaching overhead versus other directions; public interaction versus supervisors and coworkers and tolerances for things like resting in a reclined or supine position or being absent?

A: Correct, Your Honor.

(Tr. 62-63). Adopting the VE's testimony, the ALJ found at step five in her written decision that Mr. Lance is not disabled because he can perform other work in the economy such as Routing Clerk and Price Marker.

Mr. Lance argues that the ALJ's decision should be reversed because she failed to resolve an apparent conflict between the VE's testimony and the job requirements listed in the *Dictionary of Occupational Titles* (DOT) and its companion volume, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (SCO). The Court agrees. The ALJ found at step five that Mr. Lance was not disabled because he could perform the job requirements of Routing Clerk and Price Marker. However, these jobs exceed the limitations specified in the ALJ's hypothetical to the VE, thereby creating apparent conflicts between the VE's testimony and the DOT. In this case, the ALJ failed to resolve those conflicts.

Social Security Ruling 00-4p ("SSR 00-4p") requires that an ALJ, before relying on VE testimony to make its disability determination, "[i]dentify and *obtain a reasonable explanation* for any conflicts between occupational evidence provided by VEs . . . and information in the [DOT], including its companion publication, the [SCO]." SSR 00-4p (emphasis added). The ALJ must "[e]xplain in the determination or decision how any conflict that has been identified was resolved." *Id.* This is an ALJ's "affirmative duty," and the ALJ does not fulfill this duty by simply asking the VE whether his testimony is consistent with the DOT. *Pearson*, 810 F.3d at 208.

Here, there are two errors that persuade this Court to remand for further proceedings. First, the VE wrongly asserted that there were no conflicts between his testimony and the DOT and that overhead reaching was not addressed in the DOT. "Reaching is defined by the DOT as "[e]xtending the hand(s) and arm(s) in any direction." App. C, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* C-3; *see also Pearson*, 810 F.3d at 210. The ALJ limited the VE's consideration to jobs that require only *occasional overhead reaching* with the dominant arm. (Tr. 59). According to the DOT, the jobs identified by the VE—Routing Clerk and Price Marker—both require *frequent reaching*, which would include overhead reaching. This is an apparent conflict, as established by the Fourth Circuit in *Pearson*.[3] Yet, when the ALJ asked whether the VE's testimony conflicted with the DOT, the VE replied, "No conflicts your honor. Some areas not addressed in the DOT would be best of my knowledge, education, training and field experience." (Tr. 62).

Moreover, the VE's assertion that overhead reaching is not addressed in the DOT (which was given in response to the ALJ's follow-up question) is incorrect. Overhead reaching is addressed in the DOT's broader definition of "reaching." As the Fourth Circuit explained in *Pearson*,

> Although the *Dictionary* does not expressly state that the occupations identified by the expert require frequent bilateral overhead reaching, the *Dictionary*'s broad definition of ''reaching'' means that they certainly *may* require such reaching. Comparing the *Dictionary* definition to Pearson's limitations, the vocational expert's testimony that Pearson could fulfill the requirements of these occupations *apparently* conflicts with the *Dictionary*. Although we could guess what these occupations require in reality, it is the purview of the ALJ to elicit an explanation from the expert as to whether these occupations do, in fact, require frequent bilateral overhead reaching.

---

[3] Defendant rightly concedes that this is an apparent conflict that the ALJ must resolve before relying on the jobs given by the VE. However, Defendant argues that the ALJ resolved these conflicts through further questioning of the VE and thereby fulfilled her duty under *Pearson*. For the reasons explained in this decision, the Court disagrees.

810 F.3d at 211. The VE's testimony that Mr. Lance can perform these jobs despite being limited to occasional overhead reaching in his dominant arm created an apparent conflict with the requirements as outlined in DOT, and the VE's testimony suggesting otherwise was incorrect.

The ALJ adopted the VE's incorrect testimony in her written decision. She wrote, "I have determined that the vocational expert's testimony regarding past relevant work and other work in the state and national economies does not conflict with the information contained in the Dictionary of Occupational Titles or its companion publication, the Selected Characteristics of Occupations. The vocational expert affirmed that his opinions as to the impact of limitations that the DOT does not specifically address (e.g., alternating between sitting and standing, use of one upper extremity verses the other and distinguishing between reaching overhead and reaching in other directions, distinguishing public interaction from other workplace interaction) were based upon his education, experience and personal observations as a vocational rehabilitation consultant." (Tr. 24).

Second, the ALJ failed to resolve the apparent conflicts with the DOT and the VE's testimony. While the DOT does not address overhead reaching with one arm as a separate occupational requirement (which is likely what the VE was trying to say when he said that overhead reaching was not addressed by the DOT), that is irrelevant. Because the DOT's general requirement of reaching includes overhead reaching, the VE must still explain how a person who can only occasionally reach overhead with his dominant arm can perform jobs that require frequent reaching in all directions. Simply asserting that the DOT does not separately address overhead reaching does not resolve that conflict.

Neither does the VE's testimony that any such areas were based on "the best of [his] knowledge, education, training and field experience" resolve the apparent conflict. (Tr. 62). The

8

DOT says these two jobs require frequent reaching, including overhead reaching; the VE says they do not. Both SSR 00-4p and *Pearson* require further explanation, not mere contradiction by the VE. As the Eighth Circuit has said, "The expert's statement that his opinion was 'consistent with the DOT and [his] experience,' was not a sufficient explanation, because it did not address whether or why the expert's experience provided a basis to overcome an apparent conflict with the *Dictionary*." *Stanton v. Comm'r of SSA*, 899 F.3d 555, 559-60 (8th Cir. 2018). In the same way here, the VE's assertion that his opinion was based on his "knowledge, education, training and field experience" is not a sufficient explanation, because it does not explain how or why such knowledge, education, training and field experience provides a basis to overcome the apparent conflict with the DOT. For instance, the VE did not testify that he had observed the jobs of Routing Clerk and Price Marker and saw that they do not require more than occasional overhead reaching.

Simply put, the ALJ's reliance on the VE's testimony at face value does not provide substantial evidence to support the ALJ's finding at step five. A more searching inquiry is required to satisfy the ALJ's affirmative duty to identify and resolve conflicts. *See, e.g.*, *Lockwood v. Comm'r of SSA*, 914 F.3d 87 (2nd Cir. 2019) (explaining that the ALJ must "undertake a meaningful investigatory effort" in identifying and resolving apparent conflicts); *Washington v. Comm'r of SSA*, 906 F.3d 1353, 1362 (11th Cir. 2018) (explaining the Commissioner's duty "to identify and resolve apparent conflicts between [the *Dictionary*] and VE testimony . . . is not fulfilled by simply taking the VE at his word that his testimony comports with the [*Dictionary*] when the record reveals an apparent conflict").

Because the apparent conflict between the DOT and the VE's testimony was not explained or resolved, the ALJ's reliance on the VE's testimony was improper. This means that

9

the ALJ's decision at step five that Mr. Lance is not disabled because he can perform other work in the economy is not supported by substantial evidence. The ALJ's decision therefore should be reversed and Mr. Lance's claim should be remanded for proper consideration consistent with this decision. The Court makes no finding as to Mr. Lance's other assigned errors, but suggests that an ALJ carefully consider all of his alleged errors upon review.

## V. ORDER

Because the ALJ failed to resolve the apparent conflicts between the VE's testimony and the DOT, there is not substantial evidence to support the ALJ's denial of benefits. Therefore, Plaintiff's Motion for Summary Judgment (Doc. No. 15) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 18) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

**SO ORDERED.**

Kenneth D. Bell
United States District Judge

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. 617, 625 (1990).

10

Case 1:20-cv-00070-KDB Document 21 Filed 04/08/21 Page 10 of 10